IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL A. CARRASQUILLO RIVERA,<br><br>        Plaintiff<br><br>        v.<br><br>JORGE GARCIA FANEYTT, et al.,<br><br>        Defendants | CIVIL NO. 10-1982 (JAF/JP) |

**OPINION AND ORDER**

Before the Court is Defendants Sandra Torres, Carmen Marquez Parrilla, Jorge Garcia Faneytt, Minerva Guadalupe, Luis Ledesma Fonalledas, and Humberto Marrero Recio's motion to dismiss (**No. 12**) and Plaintiff Miguel Carrasquillo Rivera's ("Carrasquillo") opposition thereto (No. 16). Plaintiff brought this lawsuit against Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of the First, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff also brought Puerto Rico law claims. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' motion to dismiss is hereby **GRANTED**.

**I.**

**FACTUAL ALLEGATIONS**

Plaintiff Carrasquillo allegedly worked at the Commonwealth of Puerto Rico's Administracion de Reglamentos y Permisos ("ARPE").

CIVIL NO. 10-1982 (JAF/JP)        -2-

Carrasquillo is a member of the Popular Democratic Party ("PDP") and he alleges that Defendants were aware of this at all relevant times. Plaintiff's involvement with the PDP includes participation in the "Funcionario del Colegio" since 1992, participation in various electoral campaigns from 1992 to 2008, and attendance at political meetings, parties, seminars, and conventions. On the other hand, Defendants are allegedly members of the New Progressive Party ("NPP").

Prior to the 2008 general elections, Plaintiff alleges that he was a career managerial employee occupying the position of Coordinator of Equipment and Services. In said position, Plaintiff allegedly supervised over nineteen (19) employees. On March 2, 2009, Defendant Carmen Marquez Parrilla ("Marquez") was appointed as Auxiliary Administrator of Internal Resources at ARPE. Plaintiff states that after Marquez was appointed to her position she purposely removed Plaintiff's supervisory responsibilities to the point were he had no supervisory responsibilities. Marquez has allegedly taken these acts against Plaintiff to avoid providing him with evidence of the different treatment given to NPP members.

Moreover, Marquez has selected personnel along political lines and has attempted to humiliate Plaintiff by carrying out direct operations which Plaintiff was responsible for. In the presence of Defendant Minerva Guadalupe ("Guadalupe"), Marquez allegedly informed Plaintiff that Guadalupe would supervise him despite holding a

CIVIL NO. 10-1982 (JAF/JP)      -3-

position of lower rank. At a meeting, Marquez allegedly expressed the new hostile and discriminatory style that from now on will be used in her office.

In March 2009, a newsletter was allegedly published by some NPP employees of ARPE referring to Plaintiff as bacteria to be exterminated. Plaintiff alleges that, in April 2009, he spoke with Rosemary O'Connell, Director of Human Resources at the time, to attempt to put to an end the discrimination and diminution of duties he was being subjected to. Allegedly said efforts failed.

On April 23, 2009, Defendant Humberto Marrero Recio ("Marrero") was appointed the Administrator of ARPE. Marquez was allegedly happy with the hiring because Marrero and she were good friends. After said appointment, Plaintiff alleges that he was prohibited from leaving his office without first providing notice of where he was going andhe was prohibited from visiting the Human Resources office. Plaintiff was also allegedly being followed and watched by Defendant Luis Ledesma Fonalledas ("Ledesma").

In September 2009, Marquez allegedly offered to help Plaintiff with his situation if Plaintiff agreed to assist her in watching ARPE personnel that Marrero did not trust. Marquez also informed Plaintiff that they were using video surveillance on various people. Plaintiff prepared a sworn statement detailing various incidents including the above described.

CIVIL NO. 10-1982 (JAF/JP)        -4-

Plaintiff alleges that, in November 2009, a story was fabricated by a secretary at ARPE accusing Plaintiff of sexual harassment. The charges were investigated and Plaintiff was eventually cleared. Thereafter, Plaintiff was provided with a letter informing him that he was being laid-off because of Law 7. Plaintiff allegedly continued to work at ARPE until April 5, 2010 in conditions unreasonably inferior to the norm. Plaintiff believes that there was a concerted plan by Defendants to have him removed from his career position and that the stripping of his functions was a part of the overall plan.

**II.**

**LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 127 S. Ct.

CIVIL NO. 10-1982 (JAF/JP)        -5-

at 1969).  Still, a court must draw all reasonable inferences in favor of the non moving party and accept all well-pleaded facts in the complaint as true. <u>Sanchez v. Pereira-Castillo</u>, 590 F.3d 31, 36 (1st Cir. 2009).

## III.

## ANALYSIS

Defendants move to dismiss Plaintiff's complaint arguing that Plaintiff has failed to allege sufficient facts to support his political discrimination claim, due process claim, equal protection claim, Section 1983 conspiracy claim, and his request for injunctive relief. Defendants also claim that they are entitled to Eleventh Amendment immunity. Plaintiff opposes the arguments. The Court will now consider the parties' arguments.

**A.   Section 1983**

To have a cognizable claim under Section 1983, a party must plead and prove that: (1) Defendants acted under color of state law; (2) Plaintiff was deprived of a federally protected right, privilege or immunity; and (3) Defendants' alleged conduct was causally connected to Plaintiff's deprivation.  See <u>Gutiérrez-Rodríguez v. Cartagena</u>, 882 F.2d 553, 559 (1st Cir. 1989).

Here, Plaintiff argues that his First Amendment, Fifth Amendment and Fourteenth Amendment rights were violated by Defendants when they: (1) stripped him of his supervisory duties to the point were

CIVIL NO. 10-1982 (JAF/JP)      -6-

he was left without any such duties; and (2) dismissed Plaintiff from his employment with ARPE.

### 1. Defendants' Individual Involvement in the Alleged Discriminatory Actions

For claims under Section 1983, only those individuals who deprived Plaintiff of his rights can be held liable. Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d 87, 91-92 (1st Cir. 1994); Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (citing Kostka v. Hogg, 560 F.2d 37, 40 (1st Cir. 1977)).

In the instant case, Plaintiff has failed to plead sufficient facts to support a Section 1983 action against Defendants Sandra Torres ("Torres"), Jorge Garcia Faneytt ("Garcia"), Guadalupe, and Ledesma. In the complaint, Plaintiff failed to allege any action whatsoever by Torres and Garcia. Plaintiff only lists Garcia in the caption of the complaint and in the parties section (No. 1, ¶ 6). Torres, on the other hand, is only listed in the caption of the complaint. No allegations are made against said Defendants implicating them with the actions allegedly taken against Plaintiff.

With regard to Guadalupe and Ledesma, Plaintiff has presented some allegations. He alleged that Guadalupe was present when Marquez informed Plaintiff that Guadalupe would supervise Plaintiff even though Guadalupe held a position of lower rank. Also, Plaintiff alleged that Ledesma was following and watching him.

CIVIL NO. 10-1982 (JAF/JP)      -7-

However, Plaintiff's allegations, even taken as true, do not support a reasonable finding that Defendants Ledesma and/or Guadalupe were involved in either the curtailment of duties suffered by Plaintiff or in Plaintiff's dismissal. As per Plaintiff's own allegations, Marquez, as opposed to Guadalupe, was the one who allegedly removed Plaintiff's supervisory duties and who allegedly appointed Guadalupe as Plaintiff's supervisor. Furthermore, the fact that Ledesma was following and watching Plaintiff by itself in no way supports a finding that he was involved in the alleged decisions to curtail Plaintiff's duties and/or to dismiss him from his employment.

Thus, the Court finds that Plaintiff's Section 1983 claims against Torres, Garcia, Guadalupe, and Ledesma fail because Plaintiff has not pleaded sufficient facts to support a finding that said Defendants were involved in the alleged acts which deprived Plaintiff of his rights, the removal of his duties and the dismissal from his employment. Febus-Rodríguez, 14 F.3d at 91-92.[1]

**2.   Political Discrimination Claim**

Government employees who do not occupy policy-making positions of trust and confidence are protected against adverse employment actions based on their political affiliation. Pequero-Moronta v.

---

[1] The Court notes that, even if Plaintiff had pleaded sufficient facts supporting a finding that Defendants Torres, Garcia, Guadalupe, and Ledesma were involved in the alleged acts against Plaintiff, Plaintiff's Section 1983 claims against said Defendants would still fail for the reasons expressed below.

CIVIL NO. 10-1982 (JAF/JP)        -8-

Santiago, 464 F.3d 29, 45 (1st Cir. 2006). To establish a political discrimination case, Plaintiff must allege sufficient facts from which a Court can find that Plaintiff engaged in constitutionally protected conduct and that Plaintiff's political affiliation was a substantial or motivating factor behind the challenged employment action. See Gonzalez-De-Blasini v. Family Department, 377 F.3d 81, 85 (1st Cir. 2004).

A *prima facie* case of political discrimination requires that Plaintiff properly plead that: (1) Plaintiff and Defendant belong to opposing political affiliations; (2) Defendant has knowledge of Plaintiff's political affiliation; (3) a challenged employment action occurred; and (4) Plaintiff's political affiliation was a substantial or motivating factor behind the challenged employment action. Martinez-Velez v. Rey-Hernadez, 506 F.3d 32, 39 (1st Cir. 2007).

Defendants argue that Plaintiff's political discrimination claims should be dismissed because Plaintiff has failed to plead sufficient fact from which it could be reasonably inferred that (1) Plaintiff and Defendants are from opposing political affiliations, (2) Defendants had knowledge of Plaintiff's political affiliation, and (3) Plaintiff's political affiliation was a substantial or motivating factor behind the challenged employment action. The Court will focus its analysis on whether Defendants had knowledge of Plaintiff's political affiliation as that is the dispositive issue in this case.

CIVIL NO. 10-1982 (JAF/JP)        -9-

After considering all the arguments and the allegations in the complaint, the Court finds that Plaintiff has failed to sufficiently plead his political discrimination claim. Specifically, Plaintiff failed to allege sufficient facts to raise a reasonable inference that Defendants had knowledge of his political affiliation with the PDP. In his complaint, Plaintiff alleges that he "is a member of the [PDP], fact known to defendants at all times relevant to this action[]" (No. 1, ¶ 10). However, said allegation is the type of conclusory allegation that should be disregarded and that is not entitled to any deference. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011); see also, Rodriguez-Diaz v. Marrero-Recio, 2010 WL 4117214 at *5 (D.P.R. Oct. 20, 2010).

Plaintiff also alleged that he is an active member of the PDP who has participated as a "Funcionario de Colegio" since 1992, has participated in various electoral campaigns from 1992 to 2008, and has attended different political meetings, parties, seminars, and conventions (No. 1, ¶ 11). Said general allegations of active membership with the PDP by themselves are insufficient to support a reasonable inference that Defendants were aware of Plaintiff's political affiliation. Id. (citing Rivera-Feliciano v. State Insurance Fund Corporation, 652 F. Supp. 2d 170, 186 (D.P.R. 2009)).

Even taking as true that Plaintiff was involved in those political activities, Plaintiff has not provided any allegations which could allow the Court to draw a reasonable inference that

CIVIL NO. 10-1982 (JAF/JP)        -10-

Defendants were aware of Plaintiff's involvement in these activities. It would be unreasonable to infer that Defendants were aware of Plaintiff's political affiliation based only on the fact that Plaintiff took part in political activities.[2] Accordingly, the Court finds that Plaintiff has failed to provide sufficient factual detail to establish a *prima facie* case of political discrimination. Thus, Plaintiff has failed to allege sufficient facts to nudge his political discrimination claims "across the line from conceivable to plausible." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009); see also, Sepulveda-Villarini v. Department of Education of Puerto Rico, 628 F.3d 25, 29 (1st Cir. 2010).

   **3.   Due Process Claims**

Plaintiff brings claims under the Fourteenth Amendment and Fifth Amendment due process clause. Plaintiff argues that his due process rights were violated when Defendants stripped Plaintiff of his duties and when he was dismissed from his employment. Defendants argue that Plaintiff has failed to plead sufficient facts to support his due process claims.

To succeed on a due process claim, Plaintiff must plead that he or she was deprived of a life, liberty, or property interest without

---

[2] From the complaint, it is not even clear that Defendants were working at ARPE when Plaintiff was taking part in said political activities. According to Plaintiff's own allegations, neither Marquez nor Marrero were appointed to their positions at ARPE until 2009 (No. 1, ¶¶ 14 and 22).

CIVIL NO. 10-1982 (JAF/JP)     -11-

the requisite minimum measure of procedural protection warranted under the circumstances. See Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 32-33 (1st Cir. 1996). Property interests are not created by the Constitution, but instead are created by independent sources such as state law. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Under Puerto Rico law, career or tenured employees have property rights in their continued employment. E.g., Marrero-Gutierrez v. Molina, 491 F.3d 1, 8 (1st Cir. 2007).

Normally, when a protected interest is being taken away from an individual, said individual is entitled to some kind of prior hearing. See Roth, 408 U.S. at 569-70. However, an individual will not always be entitled to a prior hearing when a protected interest is at stake. See id. at 570 n.7 (citing Boddie v. Connecticut, 401 U.S. 371, 379 (1971)).

In the instant case, the Court finds that Plaintiff has failed to state a cause of action under due process. Plaintiff's due process claim regarding the removal of his duties fails because there is no property interest in the functions performed by an employee under Puerto Rico law. Torres-Martinez v. Puerto Rico Department of Corrections, 485 F.3d 19, 24-25 (1st Cir. 2007); Rosado De Velez v. Zayas, 328 F. Supp. 2d 202, 212 (D.P.R. 2004) (citing Consejo de Educacion de la U.P.R. v. Rossello, 137 D.P.R. 83, 110 (1994)). Also, while Plaintiff does have a property interest in his employment under Puerto Rico law, Defendants alleged action of dismissing

CIVIL NO. 10-1982 (JAF/JP)      -12-

Plaintiff through Law 7 does not give rise to a due process claim. United Automobile v. Fortuno, 677 F. Supp. 2d 530, 537-38 (D.P.R. 2009). No allegations were presented by Plaintiff that his dismissal did not comply with the procedures established under Law 7. As such, the Court finds that Plaintiff has failed to properly plead his due process claim.

  **4.  Equal Protection Claims**

Defendants argue that Plaintiff's equal protection claims should be dismissed as Plaintiff has failed to allege sufficient facts in support of said claim. In the alternative, Defendants state that Plaintiff's equal protection claims fails as it is just a restatement of his First Amendment claim. Colon-Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 45 (1st Cir. 1992). Plaintiff does not oppose the request for dismissal as he agrees that said claim stems from the same facts as his claims under the First Amendment (No. 16, p. 17). Accordingly, the Court will enter judgment dismissing the equal protection claims with prejudice.

  **5.  Conspiracy Claims**

A civil rights conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." Estate of

CIVIL NO. 10-1982 (JAF/JP)      -13-

Bennett v. Wainwright, 548 F.3d 155, 178 (1st Cir. 2008) (quoting Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988)).

Plaintiff asserts Section 1983 conspiracy claims in his complaint. Unfortunately for Plaintiff, a valid Section 1983 conspiracy claim must "prove not only a conspiratorial agreement but also an actual abridgement of some federally-secured right." Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001) (citing Earle, 850 F.2d at 844); Sanchez-Nunez v. Puerto Rico Elec. Power Authority, 509 F. Supp. 2d 137, 152 (D.P.R. 2007); Alvarez-Castro v. Negron, 475 F. Supp. 2d 147, 153-54 (D.P.R. 2007); see also, Abdullah v. Kennet, 104 Fed. Appx. 750, 752 (1st Cir. 2004). As previously explained in this Opinion and Order, Plaintiff's allegations in the complaint fall short of establishing a valid constitutional claim.[3] As such, the conspiracy claims fail.

**B.   Puerto Rico Law Claims**

Plaintiff also bring claims arising under Puerto Rico law. Dismissal of pending state law claims is proper because an independent jurisdictional basis is lacking. Exercising jurisdiction over pendent state law claims once the federal law claims are no longer present in the lawsuit is discretionary. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) (holding that "[t]he power of a federal court to hear and to determine state-law claims in

---

[3] Since Plaintiff has failed to state valid claims, his request for injunctive relief also fails.

CIVIL NO. 10-1982 (JAF/JP)     -14-

nondiversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit . . . [and] the district court has considerable authority whether or not to exercise this power, in light of such considerations as judicial economy, convenience, fairness to litigants, and comity[]"). Here, the Court chooses not to hear the state law claims brought by Plaintiff and will, therefore, dismiss the state law claims without prejudice.

## IV.

### CONCLUSION

In conclusion, the Court hereby **GRANTS** Defendants' motion to dismiss. A separate judgment will be entered accordingly dismissing the federal law claims with prejudice and the state law claims without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of July, 2011.

                                 S/JOSE ANTONIO FUSTE
                                 JOSÉ ANTONIO FUSTÉ
                                 UNITED STATES DISTRICT JUDGE